**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ESSEX INSURANCE COMPANY,                )
                                         )
             Plaintiff,                  )
                                         )
vs.                                      )         NO. CIV-12-1022-D
                                         )
SHEPPARD & SONS CONSTRUCTION,            )
  INC., et al.,                          )
                                         )
             Defendants.                 )

## ORDER

Before the Court is the motion to dismiss [Doc. No. 70] filed jointly by Defendants The

Dental Lodge, PLC, and Gabe D. Nabors (the "Dental defendants").  The Dental defendants seek

dismissal pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the Court lacks subject matter

jurisdiction to adjudicate this declaratory judgment action because there is no justiciable

controversy.[1]    Plaintiff Essex Insurance Company ("Essex") timely responded, and the Dental

defendants filed a reply.

Background:

Essex is an insurance company which issued a commercial general liability insurance policy

to  Defendant Sheppard & Sons Construction, Inc. ("Sheppard") and a subsequent renewal policy

providing the same coverage.  Sheppard also had insurance under a builder's risk policy issued by

defendant American Zurich Insurance Company ("Zurich").  On or about February 23, 2011,

Sheppard contracted with defendant The Dental Lodge, PLC ("Dental Lodge") to construct a dental

---

[1]Defendant Sheppard & Sons Construction, Inc. has also responded to the motion to dismiss.  In its response, it acknowledges that it did not file a motion to dismiss the amended complaint, and instead filed an answer and counterclaim.  Sheppard also notes that, in response to the original complaint, it sought dismissal for lack of a justiciable controversy, and the Court denied its motion as moot because the Amended Complaint was filed shortly after Sheppard moved to dismiss.  Sheppard's response to the Dental defendants' motion argues that dismissal is proper.

facility in Noble, Oklahoma (the "dental facility").   Sheppard also entered into subcontracts with defendants C&D Dozer Services, LLC ("C&D"), John Scott, Inc. ("Scott"), and Roger L. Kneeland d/b/a Timberline Design ("Timberline") to perform specific work in connection with the construction of the dental facility.

In addition to its insurance policy with Essex, Sheppard had builder's risk insurance policy issued by Zurich and effective during the time period in which the dental facility was constructed. Defendant C&D had liability and excess liability policies issued by Defendants Bituminous Insurance Company ("Bituminous") and First Mercury Insurance Company ("Mercury"), and these were effective during the time period in which the dental facility was constructed.

 The construction was completed on or about October 1, 2011.  Thereafter, portions of the dental facility allegedly became damaged because the structure was sinking into the soil.  Dental Lodge then made a claim or claims for insurance coverage under one or more of the above-described policies.

Essex filed this action, seeking to obtain a declaratory judgment that it is not obligated to defend or indemnify Sheppard for any claim that might be asserted by the other defendants against Sheppard as a result of the damage to the dental facility.  Essex argues that four exclusions in the policies issued to Sheppard apply to the circumstances, and it contends that any one of these exclusions precludes its obligation to defend or indemnify Sheppard.

In their motion to dismiss, the Dental defendants contend that this Court lacks subject matter jurisdiction because there is no actual case or controversy.  According to the Dental defendants, because no lawsuit has been filed by another party seeking recovery from Sheppard, the issue of coverage under the Essex policies is not ripe and thus does not present a justiciable controversy

which can be adjudicated in a declaratory judgment action.  In response, Essex argues that the absence of a previously filed lawsuit does not preclude the existence of a justiciable controversy.

Analysis:

"The Declaratory Judgment Act states in pertinent part that, '[i]n a case of actual controversy within its jurisdiction ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (quoting 28 U.S.C. § 2201(a)).

> [A] declaratory judgment suit must be "definite and concrete, touching the legal relations of parties having adverse legal interests," must be " 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " Put differently, *the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."*

*Id.* at 1244 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (emphasis added)).  "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy."  *Maryland Casualty*, 312 U.S. at 273.

The requisite case or controversy may exist "even in cases where some contingencies exist." *Stauth v. National Union Fire Ins. Co. of Pittsburgh*, 1999 WL 420401, at *13 (10th Cir. June 24, 1999) (unpublished) (citing *Maryland Casualty*, 312 U.S. at 273).  "In the decades since *Maryland Casualty*, courts have usually been willing to decide questions relating to the existence of coverage

under an insurance policy, even though such questions are often contingent on several factors, including whether a court in the underlying litigation finds the insured party liable." *Stauth*, 1999 WL 420401, at *13 (citations omitted).

"[I]nsurers often seek declaratory judgment in federal court (assuming jurisdiction is appropriate)[2] on whether they have a duty to defend an insured under the terms of a liability policy." *Automax Hyundai South, L.L.C. v. Zurich American Ins. Co.*, 720 F.3d 798, 810 n. 3 (10th Cir. 2013). A declaratory judgment action has been deemed an appropriate means to determine an insurer's prospective responsibility or duty under a policy. *See, e.g., Western Casualty and Surety Company v. Teel*, 391 F.2d 764 (10th Cir. 1968). In such cases, a declaratory judgment is designed to determine prospective rights before they ripen into violations of law or a breach of duty. *United States v. Fisher-Otis Company, Inc.*, 496 F.2d 1146, 1151 (10th Cir. 1974).

A declaratory judgment is proper where the insurer seeks a determination of the policy's coverage of a specific claim. *Farmers Alliance Mutual Insurance Co. v. Willingham,* 2009 WL 3720023, at *2 (N.D. Okla. Oct. 28, 2009) (unpublished). Thus, "'generally an insurer's action for a declaration that a liability policy does not cover the claims against its insured is a case of actual controversy sufficient to entertain the action for a declaratory judgment.'" *Id.* (quoting 22A Am. Jur. *Declaratory Judgments* § 133).

Notwithstanding the foregoing legal authority, the Dental defendants in this case argue that Essex's contention that it is not obligated to defend or indemnify Sheppard does not present a justiciable controversy because no lawsuit has been filed against Sheppard. The Dental defendants

---

[2]In this case, the parties do not dispute that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

contend that, to present such a controversy, there must be an underlying lawsuit involving the scope of coverage.

The Tenth Circuit has held to the contrary, finding that an insurer need not wait for a third party to sue its insured before seeking a declaration regarding the scope of coverage or its duty to defend or indemnify the insured. *Columbian Financial Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1377 (10th Cir. 2011). According to the Circuit:

> [W]hen the insured could file suit on identical issues and, upon success, be entitled to payments from the insurer, the insurer can bring a declaratory judgment action without waiting for suit by the insured, at least when the factual issues have fully matured (that is, the factual premise is not "hypothetical"), the parties have formally expressed their differences on the issue (there is a "real and substantial controversy"), and the likelihood of the insured, or his beneficiary, eventually bringing a claim is high, if not inevitable (the controversy is "of sufficient immediacy and reality").

*Id.*

In this case, the record reflects that the Dental Lodge has presented a claim to Sheppard related to damages to the dental facility, although it has not yet filed a lawsuit. *See* Sheppard's response [Doc. No. 64] to Essex's motion to dismiss Sheppard's counterclaim, pp. 3-4. It is not disputed that, after Dental Lodge contacted Sheppard regarding the damage, Sheppard notified Essex of the occurrence and Dental Lodge's claim. Affidavit of Jim Sheppard [Doc. No. 37-1]at ¶6. The record in this case reflects that Sheppard does not dispute that some damage occurred to the dental facility, although Sheppard does not concede that it was at fault. Although Sheppard suggests in an affidavit that it is working with Dental Lodge to determine how the damage may be corrected, the parties have not notified the Court that Dental Lodge's claim has been resolved.

The Court concludes that Essex has sufficiently alleged the existence of a controversy involving the scope of coverage under the insurance policy. While a lawsuit against Sheppard has

5

not yet been filed, a claim has been asserted and Essex and other insurers have been notified of the damage and Dental Lodge's claim.   As a result, Essex is not requesting a Court ruling on a hypothetical issue that may never arise.  The specific policy exclusions which it contends preclude its liability to defend indemnify Sheppard are based on the information provided to it by Sheppard regarding the damage to the dental facility as well as the facts and circumstances related to the construction work performed by Sheppard and its subcontractors.   Sheppard does not dispute that the Dental Lodge has claimed Sheppard is legally liable for damages caused to the dental facility resulting from Sheppard's negligence. *See* Answer and Counterclaim [Doc. No. 51] at ¶¶ 21, 31, 41. It is apparent that, if a lawsuit is filed against it, Sheppard will seek coverage under the applicable policy issued by Essex.  It is equally clear that Essex will decline coverage on the grounds that the policy exclusions apply.     Furthermore, the record reflects that Sheppard has filed in this case a counterclaim against Essex, alleging that it has violated its duty of good faith and has breached the policy by failing to conduct a proper investigation of Sheppard's claim.   *See* Answer and Counterclaim [Doc. No. 51].

The Court concludes that this declaratory judgment action presents a  controversy ripe for adjudication, and this Court may properly exercise subject matter jurisdiction over this matter.  The record reflects that the parties have adverse legal interests, and the dispute presented is of sufficient immediacy and reality to warrant consideration of a declaratory judgment. Accordingly, the motion to dismiss must be denied.

Conclusion:

For the foregoing reasons, the motion to dismiss [Doc. No. 70], filed jointly by Defendants Dental Lodge, PLC and Gabe D. Nabors, is DENIED.  The movants are directed to file their answers

to the Amended Complaint in accordance with the deadlines established by the Federal Rules of

Civil Procedure and the Local Civil Rules of this Court.

    IT IS SO ORDERED this 9th  day of September, 2013.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE