**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ESSEX INSURANCE COMPANY,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | NO. CIV-12-1022-D |
| ) | |
| SHEPPARD & SONS CONSTRUCTION,    ) | |
| INC., et al.,    ) | |
| ) | |
| Defendants.    ) | |

**ORDER**

Before the Court is Plaintiff's motion  [Doc. No. 54] to dismiss the counterclaim of

Defendant Sheppard & Sons Construction, Inc. ("Sheppard") pursuant to Fed. R. Civ. P. 12(b)(1)

and Fed. R. Civ. P. 12(b)(6).  In the alternative, Plaintiff asks the Court to direct Sheppard to amend

its counterclaim to plead a more definite statement of the claim for relief, pursuant to Fed. R. Civ.

P. 12(e).  Sheppard timely responded to the motion, and Plaintiff filed a reply.

Background:

Pursuant to 28 U. S. C. § 2201, Plaintiff Essex Insurance Company ("Essex") seeks a

declaratory judgment that insurance policies it issued to Sheppard do not provide coverage for

claims arising from property damage to a dental facility owned by Defendants Gabe D. Nabors

("Nabors") and/or The Dental Lodge, PLLC ("Dental Lodge") and located in Noble, Oklahoma (the

"dental facility").  In 2011, Sheppard contracted with Dental Lodge to construct the dental facility.

Sheppard  also entered into subcontracts with other defendants named herein.  On or about October

1, 2011, the construction was completed.  Thereafter, portions of the dental facility were allegedly

damaged because the structure was sinking into the soil.  Dental Lodge notified Sheppard of the

damage, and it initiated a claim or claims for insurance coverage under insurance policies providing

coverage to Sheppard and/or the subcontractors.

At the relevant time, Sheppard was covered by two insurance policies, Nos. 3C50043-0 and 3C50389-0 (the "Policies"), issued by Essex. Essex was notified by Sheppard that Dental Lodge had presented a claim to Sheppard.[1] According to the record in this case, Sheppard did not dispute that there was some damage to the dental facility, but it denied that it was at fault. The record reflects that Essex advised Sheppard that it believed certain exclusions in the Policies apply to the claim, and Essex took the position that coverage was not available under the Policies.

Essex then brought this action, seeking a declaratory judgment that the exclusions apply and that, as a result, it is not obligated to defend or indemnify Sheppard. In response to Essex's Amended Complaint, Sheppard filed an answer and counterclaim. In the counterclaim, Sheppard alleges that Essex breached the insurance contract and violated its duty of good faith as an insurer by failing to conduct a proper investigation prior to taking the position that the Policies do not provide coverage for the damage to the dental facility, and by its conduct in dealing with Sheppard. Answer and Counterclaim [Doc. No. 51] at pp. 7-11. It also alleges that Essex's communications with other defendants and third parties harmed Sheppard in a manner that entitles Sheppard to damages. *Id.* at ¶¶ 13-18.

Essex now seeks dismissal of the counterclaim pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the Court lacks subject matter jurisdiction over the counterclaim. Even if jurisdiction exists, Essex argues the counterclaim should be dismissed according to Rule 12(b)(6) for failure to state

---

[1]The communications between Sheppard and Essex, and the evidence reflecting the same, are discussed in the Order [Doc. No. 92] denying the motion of Dental Lodge and Nabors to dismiss this action. The Order also explains the roles of the other defendants named by Essex. Because the Order and exhibits referenced therein are a part of the record in this case, the Court need not repeat herein its discussion of the events leading up to the filing of this declaratory judgment action.

a plausible claim for relief.  In the alternative, Essex asks the Court to direct Sheppard to provide a more definite statement of its claim for relief, pursuant to Rule 12(e).

Because Essex's first contention challenges the existence of subject matter jurisdiction, the Court will first consider that argument.

Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction:

In challenging subject matter jurisdiction, Essex first contends that Sheppard's counterclaim is deficient because it fails to expressly allege a factual basis for this Court's jurisdiction.  However, Essex concedes that the Court has subject matter jurisdiction over Essex's claim on the grounds of diversity of citizenship, that diversity exists between Sheppard and Essex, and that Sheppard's counterclaim seeks no relief against any party other than Essex.

Pursuant to Fed. R. Civ. P. 8 (a),  a claim for relief must contain "a short and plan statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).  Because Essex concedes the existence of subject matter jurisdiction on its claim against Sheppard and the other defendants, there is no requirement that Sheppard's counterclaim allege an independent basis for jurisdiction.  Essex cites no legal authority to the contrary.  The Court does not find the counterclaim deficient on this basis.

 Essex next notes that Sheppard's counterclaim may be more properly considered a state claim under Oklahoma law, and it appears that Sheppard seeks to invoke this Court's supplemental jurisdiction over the counterclaim, as authorized by 28 U. S. C. § 1367.  Essex contends that the Court may not properly exercise supplemental jurisdiction over the counterclaim.

Upon review of the allegations in the counterclaim, the Court concludes that those allegations are based on Oklahoma's common law regarding the duty of an insurer to deal with its

insured in good faith.  *See, e.g., Christian v. American Home Assurance Co.*, 577 P.2d 899, 904 (Okla. 1977).  Sheppard expressly alleges that, "under applicable law," Essex had a duty to treat Sheppard "honestly and fairly and to act in good faith," and it further alleges that Essex was obligated to make a good faith determination regarding the existence of coverage under the policies and to conduct an investigation prior to making that determination. Answer and Counterclaim at ¶¶ 4 -7.  Sheppard then alleges that Essex failed to perform these duties, and it alleges facts identifying the actions or omissions of Essex which Sheppard contends support a finding of bad faith.  *Id.* at ¶¶ 8-11.

The Court finds that, although Sheppard does not expressly state it is asserting a claim under Oklahoma law, it refers to "applicable law," and its allegations show that it is asserting a counterclaim arising under Oklahoma law.  Accordingly, even if the Court did not otherwise have subject matter jurisdiction over the counterclaim, it may have supplemental jurisdiction over the counterclaim under 28 U. S. C. § 1367.

Section 1367(a) provides that a federal court "with original jurisdiction over one claim...may exercise 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Pettigrew v. Oklahoma ex rel. Oklahoma Dept. of Public Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013) (quoting 28 U.S.C. § 1367(a)). "Pendent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman ex rel. Bauchman v. West High School,* 132 F.3d 542, 549 (10th Cir. 1997) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) and 28 U.S.C. § 1367(c)(3)).  As noted above, where the supplemental claim is sufficiently related to the

4

claim over which the Court has original jurisdiction, pendent or supplemental jurisdiction is properly exercised.

There are a number of Tenth Circuit Court of Appeals decisions involving cases in which an insurer seeks a declaratory judgment that it is not obligated to provide coverage for the claim at issue, and the insured asserts a counterclaim based on the alleged breach of the insurance contract and/or a breach of the insurer's good faith duty to its insured. *See, e.g., Bituminous Cas. Corp. v. Pollard*, 508 F.App'x 780 (10th Cir. 2013) (unpublished); *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207 (10th Cir. 2011); *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273 (10th Cir. 2011); *West Coast Life Ins. Co. v. Hoar*, 558 F.3d 1151 (10th Cir. 2009). These and other decisions reflect that district courts have routinely exercised jurisdiction over state law counterclaims in such cases, as the counterclaim is related to the subject matter of the declaratory judgment claim. Essex cites no authority to support its apparent contention that, where an insurer seeks a declaratory judgment regarding the insurance policy, subject matter jurisdiction may not be exercised over the insured's counterclaim asserting that the insurer has breached the insurance contract or its duty of good faith. It is apparent that Sheppard's counterclaim arises from the same facts on which Essex's declaratory judgment action is premised, and the Court finds that it has subject matter jurisdiction over the counterclaim.

To the extent that Sheppard seeks to assert other causes of action based on Oklahoma law and directed at the conduct of Essex with regard to its handling or investigation of the notice of claim regarding the damage to the facility, the Court also finds such claims are related to Essex's declaratory judgment action. Accordingly, the Court may exercise jurisdiction over the counterclaims. To the extent the motion to dismiss is based on lack of subject matter jurisdiction,

it is denied.

Rule 12(b)(6) motion to dismiss for failure to state a plausible claim for relief:

The Court must next consider whether Sheppard's counterclaim is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim for relief.  To avoid dismissal pursuant to  Rule 12(b)(6), a complaint or counterclaim "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). To state a plausible claim, the complainant must frame a claim " with enough factual matter (taken as true) to suggest" that he is entitled to relief.  *Robbins*,  519 F. 3d at 1247.)  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555.  Thus, parties must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570;  *Robbins*, 519 F. 3d at 1247.

The "mere metaphysical possibility that some [complainant] could prove some set of facts in support of the pleaded claims is insufficient;" the factual allegations must "give the court reason to believe that *this* [claimant] has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court need not accept as true  assertions which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 554-555).  "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference" that the party against whom it is directed "is liable for the misconduct

alleged." *Id.* The complainant need not recite "detailed factual allegations, but the factual allegations must be enough to raise the right to relief above the speculative level." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir.2009) (internal quotation marks omitted).

In this case, Essex argues that the counterclaim is deficient because Sheppard did not identify specific causes of action asserted, and it did not label the allegations as setting out counts or causes of action.   While doing so certainly would make it easier  to identify the specific cause or causes of action asserted, the Court does not find this omission fatal to the sufficiency of Sheppard's allegations.

As discussed above, it is apparent from the allegations in the counterclaim that Sheppard is asserting a claim that Essex breached the insurance contract and its duty, as an insurer, to act in good faith toward its insured.  More specifically, the allegations demonstrate that Sheppard contends Essex breached its duty by failing to conduct a proper investigation prior to determining that the claim at issue is excluded from coverage under the Policies.  Oklahoma law recognizes  a cause of action based on a breach of an insurer's duty of good faith, including a duty to conduct an investigation in good faith.  *See, e.g., Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1098 (Okla. 2005); *Buzzard v. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1109 (Okla.1991).  The factual basis for Sheppard's bad faith contention is sufficiently pled to state a plausible claim for relief on this basis.

As Essex also notes, however, Sheppard has asserted additional allegations which could be construed as attempting to assert an additional cause of action based on tortious conduct resulting in damage to its business relations or its reputation. Answer and counterclaim at ¶¶ 15-19. In response to the motion to dismiss, Sheppard confirms that its only claims are based on breach of the contract of insurance and the duty of good faith and fair dealing owed to Sheppard by Essex.

Response brief at pp. 9-10.  Sheppard expressly states that it does not intend to assert any other claim against Essex.  Its additional factual allegations are instead designed to show bad faith conduct by Essex.

Having reviewed the balance of the arguments asserted in the parties' briefs, the Court finds that their contentions go to the merits of the respective claims rather than to the sufficiency of the counterclaim.  Accordingly, those contentions will not be addressed.

The Court concludes that Sheppard has alleged sufficient facts to state a plausible claim for relief on its claim that Essex breached the contract of insurance and breached its duty of good faith. Accordingly, the motion to dismiss is DENIED.

Alternative Rule 12(e) motion for a more definite statement:

As an alternative to dismissal, Essex asks the Court to direct Sheppard, pursuant to Fed. R. Civ. P. 12(e),  to amend its counterclaim to present a more definite statement.  Essex argues that the allegations in the counterclaim are too vague and unclear to permit Essex to properly respond. Citing *Atherton v. Norman Public School District,* 2012 WL 1438972 (W.D. Okla. April 25, 2012), Essex asks the Court to find that the narrative recitations in the counterclaim do not permit it to respond because it is unclear whether Sheppard is asserting one claim for relief or whether additional claims are pled.

As noted above, Sheppard has attempted to solve any confusion by expressly stating that it is asserting only a counterclaim for breach of the insurance contract and for breach of the insurer's duty of good faith.  Thus, the motion for more definite statement is denied.

Conclusion:

For the foregoing reasons, the motion [Doc. No. 54] is denied.  Essex shall file its reply to

8

the counterclaim within the time period prescribed by the Federal Rules of Civil Procedure and the

Local Civil Rules of this Court.

IT IS SO ORDERED this 19th day of September, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE