IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ESSEX INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-12-1022-D |
| ) | |
| SHEPPARD & SONS CONSTRUCTION, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's motion [Doc. No. 59] seeking partial judgment on the pleadings. Pursuant to Fed. R. Civ. P. 12(c), Plaintiff seeks judgment only on its fourth claim for relief in this declaratory judgment action. Defendant Sheppard & Sons Construction, Inc. ("Sheppard") responded, and Defendants The Dental Lodge, PLC ("Dental Lodge") and Gabe D. Nabors ("Nabors") jointly filed a response. Plaintiff filed a combined reply to the responses.

Background:

Plaintiff Essex Insurance Company ("Essex") brought this action pursuant to 28 U. S. C. § 2201, seeking a declaratory judgment that insurance policies it issued to Sheppard do not provide coverage for claims arising from property damage to a dental facility owned by Dental Lodge and Nabors (the "dental facility").

This case has been the subject of several motions. In its Orders [Doc. Nos. 92 and 93] ruling on other motions, the Court discussed in detail the background of the case and the parties' respective contentions. The Court will not repeat that discussion in detail in this Order, but provides the following summary of the background.

Sheppard was the contractor for the 2011 construction of a dental facility. At the relevant

time, Sheppard was covered by two insurance policies, Nos. 3C50043-0 and 3C50389-0 (the "Policies"), issued by Essex. After construction of the dental facility was complete, Dental Lodge notified Sheppard that the facility had suffered structural damage, and Dental Lodge claimed Sheppard was responsible. Sheppard notified Essex of Dental Lodge's claim. Essex ultimately advised Sheppard that it believed certain exclusions in the Policies apply and that coverage was not available under the Policies. Essex then filed this action, seeking a declaratory judgment that one or more exclusions apply to these circumstances and that it is not obligated to defend or indemnify Sheppard. Sheppard filed a counterclaim in which it asserts that Essex has breached the insurance contracts and violated its duty of good faith toward Sheppard as its insured.

The Amended Complaint sets out Essex's contention that there are several exclusions in the Policies which preclude coverage. In its fourth claim for relief, Essex contends that the Policies exclude coverage for the property damage caused by "movement of land or earth." Amended Complaint at ¶¶ 44-45. It alleges that Dental Lodge claims the dental facility was damaged because it began to sink after the earth settled. *Id.* at ¶ 45. In its motion for judgment on the pleadings, Essex argues that Sheppard's "admissions" and the plain language of the Policies entitles Essex to judgment on its fourth claim for relief. Motion [Doc. No. 59] at p. 7.

In its response, Sheppard argues that the motion is premature because it was filed before the pleadings were closed. In any event, it contends that a ruling on the interpretation and application of the Policies' exclusionary language is premature because there has been no discovery and because the cause of the structural damage to the dental facility has not been determined.[1] The Dental Lodge

---

[1] Dental Lodge and Nabors also argue that Essex's motion is premature because they have moved to dismiss the declaratory judgment action for lack of a justiciable controversy. However, their motion to dismiss was denied by the Court in its September 9, 2013 Order [Doc. No. 92].

and Nabors also contend the motion is premature because the cause of the structural damage to the dental facility remains to be determined, and discovery has not yet taken place. Further, the Dental Lodge and Nabors argue that whether the exclusionary language applies presents a question of contract interpretation for the Court, and the Court cannot determine if the exclusion at issue applies without considering evidence regarding the cause of the structural damage.

Discussion:

A Rule 12(c) motion for judgment on the pleadings is governed by the analysis in connection with the acceptance of well-pleaded facts and inferences in favor of the non-moving party that is applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Turner v. City of Tulsa*, 2013 WL 2166110, at *2 (10th Cir. May 21, 2013) (unpublished) (citing *Park University Enterprises, Inc. v. American Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006)). "A motion for judgment on the pleadings 'should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Colony Insurance Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park University*, 442 F.3d at 1244).

As Sheppard contends, Rule 12(c) expressly provides that a motion for judgment on the pleadings may be filed "*[a]fter* the pleadings are closed." Fed. R. Civ. P. 12(c) (emphasis added). Sheppard points out that Essex's motion was filed before all answers to the Amended Complaint were filed, and prior to the filing by Essex of a reply to Sheppard's counterclaim. The Dental Lodge and Nabors also assert that argument.

In its reply, Essex argues that the Court has discretion to consider a Rule 12(c) motion before all pleadings are closed. Essex cites authority from other jurisdictions in which courts have ruled

on a Rule 12(c) motion prior to the closing of all pleadings because the specific circumstances presented did not preclude such a ruling. *See, e.g., Moran v. Peralta Community College District,* 825 F.Supp. 891, 894 (N.D. Cal. 1993). Essex argues that this Court has discretion to consider its motion, particularly because the fourth claim for relief is directed only at Sheppard, and Sheppard has filed its answer.

The parties do not cite authority from the Tenth Circuit on this issue, nor has the Court located such authority. Even if the Court were to conclude that Rule 12(c) does not preclude consideration of the motion before the pleadings are closed, however, it finds the motion premature for other reasons.

Unlike most motions for judgment on the pleadings, the instant motion does not attack the sufficiency of a plaintiff's allegations[2]. Instead, the motion is based on Essex's contention that Sheppard has admitted that the structural damage to the dental facility was caused by movement of the earth in a manner that renders the Policies' exclusionary language applicable to these circumstances. To find in Essex's favor on that contention requires the Court to determine that there is no dispute that the structural damage was caused by movement of the earth and, further, to determine that unambiguous language of the exclusion renders it applicable to these circumstances.

That determination cannot be made at this stage of the litigation. Although Sheppard's Answer indicates agreement that some movement of the soil around the dental facility was observed after the facility was completed, other portions of its Answer dispute that such movement caused the damage. Sheppard denies Essex's allegations in paragraphs 45 through 47 of the Amended Complaint, in which Essex alleges that the damage resulted from the settlement or movement of the

---

[2]The Court notes, however, that Rule 12(c) is not limited to challenges to a plaintiff's allegations, and does not preclude a motion for judgment filed by a plaintiff.

earth after the dental facility was constructed.  *See* Answer of Sheppard [Doc. No. 51] at ¶¶ 45-47.  Sheppard argues in response to the instant motion that the cause of the structural damage remains to be determined.  The Dental Lodge and Nabors also assert that argument.

The Court agrees with Sheppard, Dental Lodge, and Nabors that the factual circumstances regarding the cause of the structural damage to the dental facility cannot be determined as a matter of law at this stage of the litigation.  While evidence obtained in discovery may support Essex's argument regarding the cause of the structural damage, the Court cannot so rule at this time.  Adjudication of that contention must be determined at a later stage.

Conclusion:

For the foregoing reasons, the motion for judgment on the pleadings [Doc. No. 59] is DENIED.  The action will proceed accordingly.

IT IS SO ORDERED this 19th day of September, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE