## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-1022-D |
| | ) | |
| SHEPPARD & SONS CONSTRUCTION, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's motion [Doc. No. 68] for a default judgment against Defendant Roger L. Kneeland ("Kneeland"), an individual doing business as Timberline Design.  As Plaintiff correctly points out, the record reflects that Kneeland was properly served in this case but has not answered or entered an appearance, and the Clerk has filed an Entry of Default [Doc. No. 71] certifying that Kneeland is in default.  Plaintiff now asks the Court to enter a default judgment in its favor and against Kneeland on the claims asserted in Plaintiff's declaratory judgment action. For the following reasons, the Court denies the motion at this time, without prejudice to its reassertion at the conclusion of the proceedings against the other defendants.

Plaintiff brought this action to obtain a declaratory judgment that it is not obligated to defend or indemnify its insured, Sheppard & Sons Construction, Inc. ("Sheppard"), for any insurance claims resulting from property damage to a building owned by Defendants The Dental Lodge, PLC and Gabe Nabors.  During the construction of the building, Sheppard was the general contractor. Plaintiff also names as defendants subcontractors who performed work on the building project, along with their insurers.   According to Plaintiff's allegations, Kneeland performed services as an architect in connection with the building project.  Plaintiff seeks a declaratory judgment against all

the defendants, asking that the Court find that the insurance policies issued to Sheppard contain exclusions which preclude coverage under the circumstances presented here.  It also seeks a ruling that it is not obligated to defend or indemnify Sheppard from any claim that might be asserted by the other defendants in connection with the property damage.

In seeking a default judgment against Kneeland, Plaintiff asks the Court to enter a judgment stating that the policies in question do not extend coverage and are not applicable to any claim pertaining to Kneeland in connection with the construction of the subject building.  The Court finds that the judgment cannot be properly entered at this time because the Court has not yet determined whether Plaintiff is entitled to the declaratory relief it seeks.  Whether it is entitled to that relief will depend on the construction of the insurance policies in the context of the facts and circumstances involving the property damage.  The proposed judgment against Kneeland presupposes a ruling favorable to Plaintiff as to the interpretation of the policies, and that ruling is premature at this time.

"'When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until [resolution] of the action on the merits against the remaining defendants.'" *Essex Ins. Co. v. Moore*, 2011 WL 3235685, at * 1 (M.D. Fla. July 28, 2011) (unpublished) (quoting *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich.2000) (citing *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London*, 378 F.Supp. 403, 416 (S.D.N.Y.1974)). "This rule is commonly applied where, as here, an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations." *Essex*, 2011 WL 3235685, at *1 (citing  *Allstate Prop. and Cas. Ins. Co. v. Salazar–Castro,* 2009 WL 196150, at *1 (*D. Kan. Jan.23, 2009) (unpublished); *Safeco Ins. Co. of*

*Am. v. Stephenson,* 2007 WL 2026389, at *1 (W.D. Mo. July 9, 2007); *Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.,* 369 F.Supp.2d 906, 909 (E.D. Mich. 2005); *State Farm Mut. Auto. Ins. Co. v. Jackson,* 736 F.Supp. 958, 961–62 (S.D. Ind. 1990)).

Although it appears that the Tenth Circuit Court of Appeals has not addressed this question, the Court is satisfied that, in these circumstances, a default judgment against Kneeland should be deferred until the Court has ruled on the substantive issues which affect both Kneeland and all other defendants in this action.   Because of his default, Kneeland will not be permitted to participate in the proceedings.  *See Northland*, 204 F.R.D. at 330.  However, the non-defaulting parties retain the right to present their arguments in response to Plaintiff's contentions. Because interpretation of the insurance policies at issue and the scope of coverage impacts all of the defendants,  the Court will not consider the appropriateness of a default judgment against Kneeland until it has ruled on those issues.  *Id.*   If the ruling is favorable to Plaintiff, it may renew its motion at that time.

IT IS SO ORDERED this 26th  day of September, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE