## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-1022-D |
| | ) | |
| SHEPPARD & SONS CONSTRUCTION, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In its August 28, 2013 Order [Doc. No. 91], the Court advised the parties that it would not consider the motion [Doc. 88] of Defendants the Dental Lodge, PLC ("Dental Lodge") and Gabe D. Nabors ("Nabors") to deny as premature the summary judgment motion of American Zurich Insurance Company ("Zurich") until after issuing rulings on three other motions pending at that time. The Court also suspended the deadlines for filing responses to Zurich's motion[1] until it resolved the other motions and had an opportunity to determine whether Zurich's motion is premature or whether discovery should be allowed on that motion.

The Court has now ruled on the previous motions. Upon review of Zurich's motion [Doc. No. 84], the Court notes that some of its arguments are similar to those asserted in the motion to dismiss filed by Dental Lodge and Nabors and denied by the Court in its September 9, 2013 Order [Doc. No. 92]. To the extent that the arguments are the same, Zurich's motion is now moot.

With respect to the argument of the Dental Lodge and Nabors that Zurich's motion is premature, the Court notes that a substantial portion of Zurich's argument is based on the interpretation of an insurance policy. Because such interpretation presents a question of law for the

---

[1]Plaintiff had filed its response, and Zurich had filed a reply. No other party had responded.

Court, discovery may not be essential to that determination.  However, Zurich's arguments also include the assertion that coverage is not available under its subject policy because, *inter alia*, the damage for which coverage is sought resulted from the shifting of the earth or soil, and its policy excludes coverage for such occurrences.   Zurich also argues in part that the occurrence was outside the time period covered by its policy.

The motion [Doc. No. 88] of the Dental Lodge and Nabors argues that discovery is required before they can respond to Zurich's motion.  As required by Fed. R. Civ. P. 56(d), the motion is accompanied by a declaration setting forth the reasons for that argument.

At this early stage of the litigation, it appears to the Court that some of Zurich's arguments may raise issues which will be the subject of discovery, including a possible issue regarding the cause of the subject damage.  Whether other factual issues are involved cannot be determined at this time.   The Court also notes that there is no scheduling order in place at this time, as a scheduling conference has not yet been conducted.  Accordingly, deadlines for the completion of discovery and the filing of dispositive motions have not been determined.

The Court concludes that, pursuant to Fed. R. Civ. P. 56(d), Zurich's motion raises some factual contentions for which discovery should be conducted to permit the other parties to respond. Accordingly, pursuant to Fed. R. Civ. P. 56(d)(1), the motion [Doc. No. 84] is denied at this time. However, Zurich is authorized to file a revised summary judgment motion at the appropriate time after discovery has been conducted on these issues.

For the foregoing reasons, the motion of the Dental Lodge and Nabors [Doc. No. 88] is granted, and Zurich's motion for summary judgment [Doc. No. 84] is denied at this time, without

prejudice to Zurich's filing of a summary judgment motion at the proper time.[2]  This action will be

set for a scheduling conference on the Court's next available docket.

  IT IS SO ORDERED this 11th day of October, 2013.

                _____

                TIMOTHY D. DeGIUSTI
                UNITED STATES DISTRICT JUDGE

---

[2]The Local Civil Rules prohibit a party from filing more than one summary judgment motion, unless doing so is authorized by the Court.  LCvR 56.1(a).  The Court generally does not authorize such additional filings.  However, in these circumstances, the Court finds it appropriate to do so.